UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN ROOSEVELT MCGEE, )<br>)<br>Movant, )<br>)<br>VS. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 16-1111-JDT-jay<br>Crim. No. 07-10077-JDT |

ORDER RE-OPENING § 2255 PROCEEDING,
GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255,
AND GRANTING MOTION FOR IMMEDIATE RELEASE

The Movant, Franklin Roosevelt McGee, filed a second or successive motion pursuant to 28 U.S.C. § 2255 in 2016. He contended his 180-month sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was no longer valid under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held the ACCA's "residual clause" is unconstitutionally vague. The dispositive issue in McGee's § 2255 motion was whether, after *Johnson*, his 1986 and 2003 convictions for aggravated assault could be counted as violent felonies under the ACCA's "elements" clause (also referred to as the "use-of-force" clause), 18 U.S.C. § 924(e)(2)(B)(i), even though the applicable versions of the Tennessee aggravated assault statute could be satisfied merely by reckless conduct.

The Sixth Circuit previously held, in *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017), that crimes requiring only a *mens rea* of recklessness could qualify as violent felonies under the elements clause. In accordance with that precedent, this Court found McGee's 1986 and 2003 aggravated assault convictions were valid ACCA predicates. With his 1995 conviction for

aggravated robbery and a 1995 conviction for aggravated assault under a section of the applicable statute that did not encompass reckless conduct, McGee had four violent felonies, more than the three required by the ACCA. He therefore still qualified as an armed career criminal. The Court denied the § 2255 motion but granted a certificate of appealability. (ECF No. 18.)

The Sixth Circuit affirmed the denial of McGee's motion. *McGee v. United States*, 793 F. App'x 257 (6th Cir. 2019). McGee filed a petition for writ of certiorari, which the Supreme Court ultimately granted. *McGee v. United States*, No. 19-6504, 2021 WL 2519061 (U.S. June 21, 2021) (Mem.). The Supreme Court vacated the judgment of the Court of Appeals and remanded for further consideration in light of the recent decision in *Borden v. United States*, No. 19-5410, 2021 WL 2367312 (U.S. June 10, 2021). The Sixth Circuit has now granted McGee's motion for expedited remand to this Court. *McGee v. United States*, No. 18-5517 (6th Cir. June 23, 2021). This case, no. 16-1111, is therefore RE-OPENED and the prior judgment is set aside.

Based on the remands from the Supreme Court and the Sixth Circuit, McGee has filed a Motion for Immediate Release and indicates the Government is not opposed to the motion. (ECF No. 29.)

In *Borden*, the Supreme Court abrogated the decision in *Verwiebe*, holding that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA. They do not require, as ACCA does, the active employment of force against another person. And they are not the stuff of armed career criminals." *Borden*, 2021 WL 2367312, at *12. That ruling means McGee's aggravated assault convictions from 1986 and 2003 may not be counted as ACCA predicates. He thus has only two predicate convictions under the ACCA and does not qualify as an armed career criminal; accordingly, he is entitled to relief from the enhanced sentence that was imposed pursuant to the ACCA. The § 2255 motion is therefore GRANTED.

2

Absent the ACCA enhancement, McGee's maximum sentence would have been ten years, 18 U.S.C. § 924(a)(2), and he has already exceeded that sentence. The Clerk is directed to prepare an amended judgment in the criminal proceeding, case no. 07-10077-JDT, sentencing McGee to time served and a three-year period of supervised release.

The Federal Bureau of Prisons is ORDERED to immediately release Franklin Roosevelt McGee, register #21835-076, from Butner Federal Medical Center. McGee is ORDERED to report to the U.S. Probation Office within 48 hours of his arrival in the Western District of Tennessee, to begin the service of his term of supervised release.

The Clerk also is directed to prepare a new judgment in this civil case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE